IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEANDRA ONEIDA CAMPBELL                                                              PLAINTIFF

v.                             Civil No. 4:08-cv-04104

RITA GAIL LILES CAMPBELL;
DR. MICHAEL C. YOUNG;
MRS. GAIL YOUNG; SHERIFF
BOBBY CARLTON; and
OFFICER EDDINGTON                                                                   DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Deandra Oneida Campbell (hereinafter Plaintiff) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was filed *in forma pauperis* (IFP). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

On February 3, 2009, I entered an order (Doc. 4) directing Plaintiff to complete, sign and return an attached addendum to her complaint. The addendum was filed on May 11, 2009 (Doc. 6).

**Background**

Plaintiff alleges that her Mother, Rita Gail Campbell (hereinafter Campbell), has since 1993 filed a series of petitions in the Probate Court of Nevada County to have Plaintiff civilly committed for mental health care. *Addendum* (Doc. 6)(hereinafter *Add.*) at ¶ 2, ¶ 5. Plaintiff has two children, Tiffany Lynne Campbell, three years old, and Johnathan Trent Campbell, thirteen years old. *Id.* at ¶ 1. Tiffany was living with the Plaintiff at the time of the incidents that are the subject of this complaint. *Id.* at ¶ 3. Johnathan had been living with Campbell since Plaintiff's release from a mental health facility in 2003. *Id.*

The most recent civil commitment proceeding occurred on June 6, 2008. *Add.* at ¶ 3;

*Complaint* (Doc. 1) at page 4.  On this date, Plaintiff alleges Nevada County Sheriff's Department, pursuant to an order issued by the Nevada County Probate Court, picked her up at her home located at 406 Nevada 35 North in Prescott and had her place Tiffany in Campbell's care.  *Add.* at ¶ 4.

Plaintiff states she was picked up at her home at approximately 5:30 p.m. and then held at the jail for a period of time before she was transported to the El Dorado Hospital by Officer Eddington. *Complaint* at page 4; *Add.* at ¶ 6.  She indicates she was told they were waiting on Sheriff Bobby Carlton and the judge's stamp on some papers.  *Add.* at ¶ 6.  At about 7:30 p.m., they left for the El Dorado Hospital.  *Id.*  Plaintiff states she cannot say how long she was there but it seemed like it was only one night.  *Id.*  From there, she was taken to a hospital in North Little Rock where she remained until July 7, 2008.  *Id.* at ¶ 7.

Upon her discharge, Plaintiff learned from her landlords, Dr. Michael Young and Mrs. Gail Young, that she had been evicted.  *Add.* at ¶ 7.  Plaintiff alleges she did not get any notice of the eviction.  *Id.*

Plaintiff states she was told Tiffany was placed in the custody of Loretta Baker in August of 2008.  *Add.* at ¶ 7.  She indicates she has been told by the Department of Human Services that she needs to be supervised and that she can't care for Tiffany.  *Id.*  She also states that she has not seen her children since June of 2008 and can't tell you where her children are or have been.  *Id.*

## Discussion

This case is subject to dismissal.  "[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

First, the claims asserted against Rita Gail Campbell are subject to dismissal.  "[P]rivate

persons . . . who act pursuant to state statutes to commit the mentally ill cannot be held liable under section 1983." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

Second, the claims against Dr. Michael C. Young and Mrs. Gail Young are subject to dismissal. A private landlord's use of state law eviction procedures does not constitute state action. *See e.g., Luria Bros. & Co., Inc. v. Allen*, 672 F.2d 347, 354 (3d Cir. 1982); *Roark v. Smith,* 2008 WL 4844714, *1 (E.D. KY Nov. 6, 2008).

Third, the claims against Sheriff Bobby Carlton and Officer Eddington are subject to dismissal. Plaintiff indicates the Nevada County Probate Court issued an order for the Sheriff to pick her up and deliver her to the El Dorado Hospital. Sheriff Carlton and Officer Eddington therefore acted in compliance with a facially valid court order and are entitled to absolute immunity for complying with the order. *See e.g., Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996).

## Conclusion

I therefore recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Plaintiff has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of May 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE